**Leo TAYLOR and Irene Taylor, his wife,
Appellants,**

v.

**James CARRICO and Thomas Carrico,
Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1975.

William G. Reed, Carrollton, for appellants.

John M. Berry, Jr., Berry & Floyd, Carrollton, for appellees.

AFFIRMING

SETH T. BOAZ, Special Commissioner.

Leo Taylor and his wife, Irene Taylor, appellants herein, instituted this action seeking to recover for alleged damages resulting from an overflow of water from property of the appellees, James Carrico and Thomas Carrico, on April 1st and 2nd, 1970. Appellees and appellants own neighboring farms situated on opposite sides of a county road. Appellees began the construction of a lake on their property in 1967. The dam which created the lake was

alongside the county road. By April 1970 this lake had filled with water and appellees had opened a drainage ditch or spillway in the west end of the dam, and on the night of April 1st and morning of April 2nd a heavy downpour of rain caused the water from the lake to flow through the spillway and over the dam and thence across the road onto the land of appellants. It is damage alleged to have been caused at this time for which appellants seek to recover.

Subsequent to the date of the alleged damage, but prior to the time this action was filed, appellees had caused to be inserted at the east end of the dam a twelve inch overflow pipe which was located some fourteen inches to two feet below the top of the dam. This pipe was installed some two weeks before the trial and there had been no rainfall of consequence since its installation at the time the case was tried.

By an Amended Complaint appellants sought to enjoin appellees from allowing waters from the lake to overflow onto appellants' lands and alleging that the lake was dug by the state to obtain dirt for a fill in the construction of an interstate highway; that appellants received compensation for this dirt, and that because of this it would work no hardship on them to construct a drainage ditch over their own land for a distance of approximately 340 feet to a point where it would flow across the county road onto other lands of appellees from whence such water would then drain into the Kentucky River. Appellants further claimed additional damages from the construction of the drain pipe at the east end of the dam.

Upon motion of the appellees the trial court struck the allegations concerning compensation for the dirt removed for use in the construction of the interstate highway.

Prior to the construction of the lake and the dam, according to the evidence, water from the Carrico farm had flowed across the Taylor farm in three streams or waterways, one of which was on the west side of the Taylor farm, another in the center of the farm, and a third on the eastern boundary of the farm. After the construction of the dam and the insertion of the overflow pipe the flow of water from the Carrico farm was diverted from the waterways on the west side and through the center of appellants' farm into a single waterway along the eastern boundary of the farm.

The appellants elected to try the case on the issue of temporary damages and injunction, rather than asking for compensation for permanent damage.

Upon trial of the case the court below found that construction of the lake on the land of the appellees was a reasonable use of the land and that the benefit accruing to the land of the appellees by reason of the construction of the lake outweighed the gravity of any harm that resulted to the land of the appellants, Leo Taylor and wife, Irene Taylor, and denied injunctive relief. The question of damages was then referred to the jury at the conclusion of the plaintiffs' (appellants') evidence, the defendants (appellees) having declined to introduce any evidence after the plaintiffs rested their case. The jury found a verdict for the defendants from which this appeal resulted.

On appeal the plaintiffs contend that the findings of the trial court are erroneous in that they are not supported by the evidence and that the trial court's conclusions are contrary to law. They further contend that the court erred in striking plaintiffs' allegations in regard to defendants' having been compensated for the dirt removed from the lands in the construction of the interstate highway and the lake.

The trial judge applied the rules laid down in the case of Klutey v. Commonwealth, Department of Highways, Ky., 428

S.W.2d 766, wherein it was held that, although a lower owner is bound to accept natural drainage from an upper owner, the rights of the upper owner are not unlimited and that the upper owner may not unreasonably change the natural flow of water or cause it to collect and be cast upon the lower estate at a point where it had not previously flowed or in an increased volume or accelerated rate of flow so as to its substantial damage to the lower owner. This case was cited as authority in the case of Commonwealth of Kentucky, Department of Highways v. S & M Land Company, Inc., Ky., 503 S.W.2d 495, and in that case again it was stated that the rule in substance weighs the reasonableness of the use of the land drained against the gravity of the harm to the land receiving the burden of the drainage.

The trial judge found that there was no substantial damage to the land of appellants and that the use of the land of the upper owners (appellees) was reasonable and that the benefits of that use outweighed the harm, if any, done to the land of the lower owner. In the instant case it appears that the judgment of the trial judge was supported by the verdict of the jury which found that there was no damage done to appellants' land as a result of the overflow from appellees' lake.

■ As to appellants' contention that this finding by the judge and later by the jury is not supported by the evidence we can only say that the only expert witness to testify was introduced by the appellants and his testimony was to the effect that appellants' land was not damaged by the overflow.

While other witnesses did testify that appellants' land was overflowed on the occasion in issue, none of these witnesses testified as to the damage resulting from this overflow. Appellant, Leo Taylor, was the only witness who attempted to place a money value on the damage done, and his evidence was so speculative as to be worthy of little consideration. The court below did, however, submit the case to the jury under an instruction allowing them to find damages in the amount claimed by the appellant, Leo Taylor, and the jury under such instruction found for the defendants.

■ Appellants argue that the Klutey case does not apply to the instant action because it deals with surface waters while the instant case deals with overflow from a lake. It appears that this is a distinction without a difference. While it is true that where a landowner through artificial means causes water to accumulate on his land in such a way as to constitute a nuisance he is liable for any damage done to adjoining landowner by reason of the escape of the accumulated waters, yet there is no such liability if the accumulated water does not constitute a nuisance. 93 C.J. S. Waters § 141, p. 856. The court below found that appellees' lake did not constitute a nuisance, and in any event the absence of damage precludes recovery.

■ We find no error in the Court's refusal to allow the introduction of testimony relating to the sale of the dirt from the construction of the lake, since that had no bearing on the reasonableness of appellees' use of their land nor upon the question of damages to appellants' land.

The judgment is affirmed.

All concur.